REGAN, Judge.
Plaintiff, George W. Reese, Jr., an attorney, instituted this suit against defendant, Penny Coleman, on a promissory note for the sum of $162.00.
Defendant answered and admitted that he signed the note but pleaded fraud and misrepresentation.
From a judgment in favor of plaintiff, defendant prosecutes this appeal.
The record reveals that defendant retained plaintiff as counsel to represent and defend his brother, Delwin Coleman, who had been “charged in the Criminal District Court with aggravated battery” and was then incarcerated in the Parish Prison. A fee of $150.00 was agreed upon and defendant then paid plaintiff $15.00 on account thereof and promised to pay the balance of $135.00 in the event that his brother failed to do so.
Subsequently, on August 30th, 1949, defendant called at plaintiff’s office to discuss his brother’s case, and plaintiff informed him that it was usual and customary for an attorney engaged in a criminal matter, “to secure his entire fee before going to trial” and explained to defendant the reason for this practice. After some discussion by plaintiff relative to Delwin Coleman’s lack of financial responsibility and the necessity of securing payment of his fee, plaintiff read the note in question to defendant (which is denied by defendant) and requested that he sign it. The note reads as follows:
“$135.00 30August 1949
“Upon request after date I promise to pay to the order of George W. Reese, Jr., One Hundred and thirty-five and no/100 Dollars at 3045 Grand Route St. John, New Orleans, La. Value received with interest at-per cent, per annum from-until paid, and - herewith waive demand, protest and notice of protest, citation and service of petition, and all legal delays and confess judgment in favor of any legal holder of said sum, and if not paid when due 20 percent, will be added for attorney’s fees.
“(signed) Penny Coleman “No.-Due 30 August, 1949.”
Some time later, the date is unrevealed by the record, plaintiff amicably requested payment of his fee from both defendant and his brother, Delwin Coleman, but to no avail and, therefore, plaintiff brought this suit on the note as of October 11th, 1949.
Defendant denies that an amicable demand was «ever made on him or his brother, and further maintains that the note was not given to plaintiff “as an absolute promise to pay, together with 20% áttorney’s fees, as appears from the face of the document”, but that he “was imposed upon and led to believe that the document he signed was an act of suretyship”; defendant therefore pleads fraud ant misrepresentation.
It appears that defendant’s contention that the document he signed was an act of suretyship is based on the following testimony elicited from plaintiff under cross-examination.
“Q. In your office, did you not tell him, the ‘note you signed, if your brother don’t pay, you will have to pay’? A. That was probably said, yes.
“Q. Have you sued his brother? A. No, we haven’t sued his brother.”
The record amply reflects that plaintiff, on several occasions, attempted to amicably effect collection of his fee from both defendant and his brother, Delwin Coleman, and plaintiff’s testimony to this effect was not successfully contradicted by the defendant. Delwin Coleman was not even called upon to testify on behalf of defendant.
We are of the opinion, as was the court,, a qua, that defendant was never imposed upon and led to believe that the note he signed was an act of suretyship or anything else but what it actually was, a promise to pay by defendant upon the demand of plaintiff.
Defendant admits that he retained plaintiff and made the agreement with plaintiff for a fee of $150.00. Defendant further admits that from the inception of plaintiff’s retention as counsel, Delwin Coleman was not financially able to pay plaintiff’s fee nor was he gainfully employed, and the only reasonable conclusion to draw from these and similar facts orienting the transaction *541 is that plaintiff looked to defendant, ab in-itio for his fee, and the note which plaintiff obtained from defendant, together with his testimony, bears out this conclusion.
We are of the opinion that the record is devoid of any evidence of fraud or misrepresentation on the part Of the plaintiff and we find no justification in the record to warrant this plea of fraud or misrepresentation contained in defendant’s answer and in the brief filed in this court in his behalf.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.